Parker C. J.
delivered the opinion of the Court. It was left to the jury to say whether the sale of the sugar was conditional, and they have found that it was, upon a comparison of the testimony of Sears and Fairfield, between whose accounts of the transaction they had a right to choose on which to rely. *268 We consider Sears to have purged himself of all interest, by his sale to Smith, which sale is undoubtedly valid if the property of the sugar was not then in Fairfield for the benefit of his creditors.
The point of the case is, whether at the time of the sale, Fairfield then being in possession without fraud, on a purchase previously made of Sears acting for himself and Smith, the property was not so far in him as to warrant the attachment by his creditors.
And this depends upon the question, whether the delivery after the sale was free from the condition on which the purchase was made. In the case of Hussey v. Thornton the delivery was conditional, as well as the sale, and so the property was held to continue in the vendor. That the condition of a sale may be waived, so that the property will vest in the vendee notwithstanding he has not performed the condition, seems to be well settled in that case of Hussey v. Thornton, and in a more recent case of Carleton v. Sumner, 4 Pick. 516; [2nd ed. 517, note 1;] and the doctrine thus settled here is adopted by chancellor Kent in his Commentaries, 2 vol. 391. [3d ed. 497.]
The principle is, that if the vendor who has sold upon condition, permits the vendee to take the goods without exacting of him a compliance with the terms of the sale, he shall be presumed to have abandoned the security he intended, and to trust to the personal security of the vendee ; and whether such is the state of things or not is matter for the jury to settle upon the facts proved. We do not think, after a conditional bar ■ gain has been made and a delivery immediately taken place upon the expectation that the contemplated security shall be produced, without an express declaration that the delivery is also conditional, that the sale ipso facto becomes absolute ; because there is an implied understanding that the vendee will act honestly, and he takes the goods subject to the contract, which is, that he shall furnish the security which was the condition of the sale, as soon as he shall have opportunity to procure it; and it would much embarrass sales at auction and other sales, to require that the vendor should in all cases insist upon the note or other security being produced before the *269 goods shall be delivered. And in case no new credit is obtained by the vendee in virtue of his possession of the goods, no wrong is done by allowing the vendor to reclaim them.
If they are" sold by the vendee, he having the possession delivered to him by the vendor, the purchaser not knowing of the condition, the case would be different, as the vendor would be considered as having delivered them for the very purpose of enabling the vendee to use them in trade and merchandise, trusting to the performance of the condition by the vendee.[1] But there seems to be no good reason why an antecedent creditor, watching the transactions of his debtor, should have a right to seize upon goods which came into his possession, when he has not paid for them, or given that security without the promise of which he could not have obtained the goods. Such creditor has not trusted on the faith of the goods, and is therefore not prejudiced by being restrained from attaching them.
It was therefore for the jury to decide this case, and upon the question put to them by the Court, viz. whether there was an intention on the part of Sears, the vendor, to deliver absolutely, and so to waive the condition on which the sale was made. We understand the case of Carleton v. Sumner was so put to the jury in effect; for if there was a right by the contract to insist upon the promised security before the goods were delivered, this right could not be lost but by an intentional waiver ; so that the question now is, whether the verdict is against the evidence on that point. Here the condition of security by an indorsed note must be considered to have been absolute and explicit. The goods are delivered by the clerk without any thing being said about the security, a bill of parcels is given, but without any receipt, no note is taken, and no money paid. The vendor certainly had a right the day after to insist upon his indorsed note or to rescind the bargain and reclaim the goods. If so, why not two days or three, and if so, the time which elapses is a mere fact, from which the jury may infer the intention. Circumstances of business and engagement may account for the delay, and if they do, the right *270 to security or to reclaim the goods, unless sold as before men tioned, is not impaired. And perhaps the law would be the same, if the sale had been for cash, and not on credit, for even in such case the mere delivery with an expectation of receiving the price in a short time, does not divest the property of the vendor, 2 Kent’s Com. 391. [3d ed. 497, 498.][1]
But in the case before us, eight days passed between the de livery of the goods, and any call for the indorsed note, [2] nor was any initiation made of the security to be given, when the goods were delivered by the clerk ; who does not appear to have been informed by the vendor of the terms of the sale. The latter, however, must be presumed to have known the next day that they had been delivered, and yet he did not send for the note, or give any manner of notice that it was required, until the attachment took place eight days after the sale. We are apprehensive, that to establish the right to reclaim under such circumstances, would widen the door for fraudulent con trivances, and that afterthoughts respecting conditions will spring up to intercept attaching creditors, when the sale was really unconditional, or at least when the vendor has thought his condition of so little importance as to be willing to abandon it and trust to the credit of the purchaser.
We are of opinion that the verdict is against the evidence,[1] for there was nothing in the case from which an intention to hold on upon the condition can be inferred ; — no declaration at the time, which though not necessary is important, and no call for security until it was forgotten or abandoned, and perhaps never would have been recurred to if the goods had not been attached.
The case is like that of Hussey v. Thornton, before cited, in which it ivas determined that a voluntary delivery of goods *271 sold upon condition, without the delivery being sub conditions, exposes the property to attachment by the creditors of the . vendee. And it was upon the same principle that the case of Carleton v. Sumner, also before cited, was decided. We think for the foregoing reasons a new trial must he granted.

 See 3 Kent’s Comm. (3d ed.) 497, 498.

 See Corlies v. Gardner, 2 Hall’s (N. Y.) R. 345; Reeves v. Harris, 1 Bailey, 563; Ayer v. Bartlett, ante, 79, note 2; Whitwell v. Vincent, 4 Pick, (2nd ed.) 452, note 1; Riddle v. Varnum, 20 Pick. 260; Lupin v. Marie, 6 Wendell, 77.

 See Lupin v. Marie, 6 Wendell, 77; Furniss v. Hone, 8 Wendell, 247; Corlies v. Gardner. 2 Hall’s (N. Y.) R. 347; De Wolf v. Balbett, 4 Mason 294; Copland v. Bosquet, 4 Wash. C. C. R. 588; 2 Kent’s Comm. (3d ed. 497, 498.

 See Andrews v. Hunneman, ante, 130, note 1.